968 A.2d 229

AETNA INC.

v.

LEXINGTON INSURANCE COMPANY and National Union Fire Insurance Company of Pittsburgh, Pennsylvania, RLI Insurance Company, Steadfast Insurance Company, Liberty Mutual Insurance Co., Fireman's Fund Insurance Company of Ohio, Executive Risk Specialty Insurance Co., Starr Excess Liability Insurance Co., Certain Underwriters at Lloyd's of London.

Petition of Certain Underwriters at Lloyd's of London.

Aetna Inc.

v.

Lexington Insurance Company and National Union Fire Insurance Company of Pittsburgh, Pennsylvania, RLI Insurance Company, Steadfast Insurance Company, Liberty Mutual Insurance Co., Fireman's Fund Insurance Company of Ohio, Executive Risk Specialty Insurance Co., Starr Excess Liability Insurance Co., Certain Underwriters at Lloyd's of London.

Petition of Lexington Insurance Co. and National Union Fire Insurance Co. of Pittsburgh, PA.

Aetna Inc.

v.

Lexington Insurance Company and National Union Fire Insurance Company of Pittsburgh, Pennsylvania, RLI Insurance Company, Steadfast Insurance Company, Liberty Mutual Insurance Co., Fireman's Fund Insurance Company of Ohio, Executive Risk Specialty Insurance Co., Starr Excess Liability Insurance Co., Certain Underwriters at Lloyd's of London.

Petition of Executive Risk Specialty Insurance Company.

Aetna Inc.

v.

Lexington Insurance Company and National Union Fire Insurance Company of Pittsburgh, Pennsylvania, RLI Insurance Company, Steadfast Insurance Company, Liberty Mutual Insurance Co., Fireman's Fund Insurance Company of Ohio, Executive Risk Specialty Insurance Co., Starr Excess Liability Insurance Co., Certain Underwriters at Lloyd's of London.

**Petition of RLI Insurance Co.**

**Aetna Inc.**

**v.**

**Lexington Insurance Company And National Union Fire Insurance Company of Pittsburgh, Pennsylvania, RLI Insurance Company, Steadfast Insurance Company, Liberty Mutual Insurance Co., Fireman's Fund Insurance Company of Ohio, Executive Risk Specialty Insurance Co., Starr Excess Liability Insurance Co., Certain Underwriters at Lloyd's of London.**

**Petition of Liberty Mutual Insurance Company.**

Supreme Court of Pennsylvania.

March 26, 2009.

## *ORDER*

PER CURIAM.

**AND NOW,** this 26th day of March, 2009, the Petitions for Allowance of Appeal at 378 EAL 2008, 380 EAL 2008, and 381 EAL 2008, are hereby **GRANTED, LIMITED TO** the issue set forth below. Allocatur is **DENIED** as to all remaining issues. The issue, rephrased for clarity, is:

> Whether the Superior Court departed from the accepted and usual course of judicial proceedings, in failing to adjudicate rescission claims, thus violating the parties' due process rights.

The order of the Superior Court regarding this issue is **VACATED,** and the issue **REMANDED** to the trial court for an evidentiary hearing on petitioners' outstanding rescission counterclaims. The trial court awarded petitioners summary judgment and dismissed their rescission counterclaim as moot.

On appeal, the Superior Court reversed the trial court, and awarded summary judgment to Aetna. Following the reversal, the rescission counterclaims are no longer moot. "That an action is 'moot' suggests that there is a legal issue involved in a case, but because of the circumstances surrounding the case, the issue has become an academic one and will not be resolved. What 'mootness' does *not* suggest is that an issue was fully considered and a final judgment entered." *Consolidation Coal Company v. District 5, United Mine Workers of America*, 336 Pa.Super. 354, 485 A.2d 1118, 1124 (1984) (emphasis in original). Rather than remand for a hearing on those counterclaims, the Superior Court did not address them. The revival of Lloyd's, RLI's, and ERSIC's rescission counterclaims requires remand for consideration of the underlying facts concerning those claims. Jurisdiction relinquished.

The Petitions for Allowance of Appeal at 379 EAL 2008 and 382 EAL 2008 are hereby **DENIED.**

It is further ordered that the Applications for Leave to File Reply in Further Support of Petitions for Allowance of Appeal at 378–81 EAL 2008 are hereby **DENIED.**

Justice SAYLOR would allow the appeals generally and resolve the issues presented via opinion.